**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ARTHUR ROY MORRISON, ) | |
| (ID # 1492042), ) | |
|        Petitioner, ) | |
| ) | |
| v. ) | No. 3:15-CV-1057-G (BH) |
| ) | |
| WILLIAM STEPHENS, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|        Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition should be dismissed as a successive petition under § 2254.

**I. BACKGROUND**

Arthur Roy Morrison (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions division (TDCJ-ID), filed a document entitled *Original Proceeding from the 282nd Judicial District Court Trial RO F07-55832-S Writ of Injunction,* that was received on April 7, 2015 (doc. 1). He names state district judge Amber Givens as the defendant. His filing challenges "a pair of fraudulent judgments".

Petitioner was convicted of aggravated assault and sentenced to thirty-five years in case number F07-55832-S in the 282nd Judicial District Court of Dallas County, Texas. *See Morrison v. Stephens*, No. 3:12-CV-4916-N-BH (docs. 3, 97). On direct appeal, he alleged that the trial court erred in denying his request for a jury instruction on self defense and in admitting photographs of the victim's injuries into evidence, the evidence was factually insufficient to support his conviction, and his conviction should be reversed due to cumulative error. *Morrison v. State*, 2009 WL

2152560, No. 05-08-00336-CR, slip op. at *1 (Tex. App.–Dallas, July 21, 2009, no pet.). Petitioner's conviction was affirmed on direct appeal, and he did not file a petition for discretionary review. His first state habeas application was dismissed because the direct appeal was pending. *See Ex parte Morrison*, WR-28,594-05 (Tex. Crim. App. July 29, 2009). After filing writs of mandamus and a federal habeas petition that was dismissed without prejudice for failure to exhaust state remedies, Petitioner filed a state writ on March 2, 2011; it was denied on its merits without a written order by the Texas Court of Criminal Appeals on September 19, 2012. S*ee Ex parte Morrison*, WR-28,594-13 (Tex. Crim. App. Sept. 19, 2012).

On November 30, 2012, Petitioner filed a federal petition under 28 U.S.C. § 2254 challenging the same conviction as in this case. It was denied on the merits on November 12, 2013. *See Morrison v. Stephens,* No. 3:12-CV-4916-N-BH (doc. 120). Petitioner filed numerous post-judgment motions in that case in 2012, 2013 and 2014, and all were denied. In 2015, he again filed numerous post-judgment motions, including a Rule 60(b) motion raising the same challenges he now asserts in this suit. (*See id.,* doc. 140). The Court denied his post-judgment motions and entered an order barring him from filing any other pleading or paper in that case, other than a notice of appeal from that order, and warning him that he would be subject to additional sanctions if he did so. (*Id.,* docs. 143, 151.) This lawsuit followed.

**II. NATURE OF SUIT**

Although Petitioner purports to file a petition for writ of injunction against a state district judge, his filing in fact challenges his conviction in case number F07-55832-S in the 282nd Judicial District Court. Where a party seeks relief in federal court from the fact or duration of confinement, the claim is cognizable only as an action for a petition for writ of habeas corpus. *See Preiser v.*

2

*Rodriguez,* 411 U.S. 475, 499 n.14 (1973). Relief through a habeas corpus petition is the "exclusive remedy for state prisoners who 'seek to invalidate the duration of their confinement–either directly through an injunction compelling speedier release or indirectly through a determination that necessarily implies the unlawfulness of the State's custody.'" *Kyles v. Garrett,* 353 F. App'x 942, 945 (5th Cir. 2009) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)). Because challenges to state convictions are governed by 28 U.S.C. § 2254, Petitioner's filing is properly construed as a petition for writ of habeas corpus under 28 U.S.C § 2254. The proper respondent is William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), and he should be substituted as the respondent.[1]

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have

---

[1] In a habeas proceeding brought by a prisoner, generally there is only one proper respondent, the immediate physical custodian of the prisoner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Petitioner is currently confined in a unit of the TDCJ in Amarillo, Texas.

been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[2] A second petition is not successive, however, if the prior petition was dismissed due to prematurity or for lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner essentially attacks the same convictions he challenged in his prior federal petition that was denied on the merits. Under *Hardemon* and *Crone*, he was required to present all available claims in that federal petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims

---

[2]Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

when he filed his prior federal petition challenging the same conviction challenged in this case. Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that could have been raised in his prior federal petition.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(c). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, this Court lacks jurisdiction over this action. *See Crone, supra.*

When a petitioner files a successive petition in district court without complying with 28 U.S.C. § 2244(b)(3), the court may either dismiss the case for lack or jurisdiction or transfer it to the Fifth Circuit. *See Morris v. Stephens*, ___F. App'x___, 2015 WL 1435436, *1 (5th Cir. Mar. 31, 2015) (per curiam) (stating that the district court had authority to dismiss a petitioner's claims as

5

duplicative of claims presented in a prior § 2254 application), citing 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.") and *Slack*, 529 U.S. at 478 ("Federal courts ... retain broad powers to prevent duplicative or unnecessary litigation."); *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997) (approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers). Here, Petitioner attacks the same conviction that he challenged in his prior petition, and he raises the same claims he has raised in numerous post-judgment filings in his prior case. He appears to have filed this case in an attempt to circumvent a sanction order in that prior case, which is currently on appeal before the Fifth Circuit. A dismissal of this duplicative case without prejudice therefore appears most appropriate.

## IV. SANCTIONS

As noted, Petitioner was sanctioned based on his numerous duplicative post-judgment filings and barred from filing any other pleading or paper in that case, other than a notice of appeal from that order. *See Morrison v. Stephens,* No.3:12-CV-4916-N (doc. 151.) The sanctions order warned him that he would be subject to additional sanctions if he did so. (*See id.*) His current petition for an injunction, properly construed as a § 2254 petition, again challenges the same conviction that he challenged in his prior case and numerous post-judgment filings. Additional sanctions should therefore be imposed, and he should be barred from filing any further challenges to that conviction unless he receives authorization from the United States Court of Appeals for the Fifth Circuit.

## V. RECOMMENDATION

This petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file a motion for leave to file a successive § 2254

petition in the United States Court of Appeals for the Fifth Circuit. The Court should direct the clerk of Court to remove Judge Amber Givens as a party and to designate William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, as Respondent. Petitioner should be sanctioned and barred from filing any further challenges to the 2008 conviction in the 282nd District Court in cause number F07-55832-2, absent authorization from the Fifth Circuit.

**SO ORDERED** this **17th day** of **April, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE