UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR ROY MORRISON, | ) | |
| ID # 1492042, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:15-CV-1057-G (BH) |
| | ) | |
| WILLIAM STEPHENS, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing all relevant matters of record in this case, including the findings, conclusions, and recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the court is of the opinion that the findings and conclusions of the magistrate judge are correct and they are accepted as the findings and conclusions of the court.

In the time since the filing of the magistrate judge's report, sanctioned petitioner Arthur Roy Morrison has filed four separate documents, entitled

"Designations" (docket entry 9), "Affidavit of Fraud" (docket entry 10), "Omnibus Motion" (docket entry 11), and "Amended Writ of Injunction" (docket entry 12). A review of these documents reveals that they, in part, again attempt to raise successive challenges to an underlying state court conviction, that Morrison has so repeatedly challenged, that the magistrate judge has recommended additional sanctions be imposed against Morrison. To the extent these motions and documents again raise successive claims against petitioner's underlying conviction in case number F07-55832-S in the 282 Judicial District Court C, such motions are **DENIED**. To the extent these documents are construed as objections to the April 17, 2015 findings, conclusions and recommendation of the magistrate judge, such objections are **OVERRULED**.

Therefore, for the reasons stated in the findings, conclusions, and recommendation of the United States Magistrate Judge, the petition is **CONSTRUED** as a successive petition for writ of habeas corpus under 28 U.S.C. § 2254, and by separate judgment, it will be dismissed without prejudice to the petitioner's right to file a motion for leave to file a successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit.

By separate judgment, Judge Amber Givens shall be **DISMISSED** as a party to this proceeding, and the clerk of court shall designate William Stephens, Director of

the Texas Department of Criminal Justice, Correctional Institutions Division, as respondent.

The petitioner is **SANCTIONED** and **BARRED** from filing any further challenges to the 2008 conviction in the 282nd District Court in cause number F07-55832-2, unless he first obtains authorization from the Fifth Circuit.

In accordance with FED. R. APP. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the magistrate judge, the petitioner is **DENIED** a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's findings, conclusions and recommendation in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).*

---

\* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to

(continued...)

If the petitioner files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* and a properly signed certificate of inmate trust account.

**SO ORDERED**.

May 12, 2015.

                               _____
                               **A. JOE FISH**
                               **Senior United States District Judge**

---

[*](...continued)
submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.